UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                          :
PHARO NAJI AKHENATEN,                     :          07 Civ. 970 (RJH)
                                          :
                         Plaintiff,       :
                                          :
           - against -                    :     **MEMORANDUM OPINION**
                                          :          **AND ORDER**
                                          :
NAJEE, LLC, et al.,                       :
                                          :
                         Defendants.      :
                                          :
-------------------------------------------------------------x
```

Defendant James Todd Smith, better known as LL Cool J ("Smith"), has moved

for dismissal under Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure

based on plaintiff Pharo Naji Akhenaten's ("Plaintiff") failure to serve Smith within 120

days of the filing of the summons and complaint in this action.

This action was filed on February 9, 2007. Since then, Plaintiff has repeatedly

attempted to obtain default judgments against the defendants. Plaintiff's first motion for

default judgment was denied as to Smith because Plaintiff had submitted no proof that

Smith had been served. In denying this motion, the Court informed Plaintiff that, under

the Federal Rules of Civil Procedure, he was required to serve all defendants no later than

June 11, 2007. Plaintiff then purported to serve Smith by personally serving Smith's

attorney, Robert S. Meloni. The Court held that service upon Mr. Meloni did not

constitute valid service as to Smith and again denied Plaintiff's motion for default

judgment against Smith and reminded Plaintiff of the June 11, 2007 deadline to serve

defendants in this action.

On June 27, 2007, Plaintiff filed an affidavit of service, which reported that the summons and complaint was served upon an individual identified as "Wesley Daughtry, Nephew" at 186-39 Ilion Avenue, St. Albans, NY 11412 on June 11, 2007. The affidavit indicates that Mr. Daughtry stated that he was authorized to accept service on behalf of Smith.

In a declaration in support of the instant motion, Smith contends that he does not live or work at the address at which Plaintiff allegedly made service, that he has no family living at that address, that he does not have a designated agent for service of process at that address, and that he does not have a nephew named Wesley Daughtry. (Smith Decl. ¶¶ 4–8.)

Smith has also submitted a declaration of Wesley Artis indicating that he is the individual described as "Wesley Daughtry" in the affidavit of service submitted by Plaintiff.[1] According to the declaration, Artis is a sixteen year old boy who lives at 186-39 Ilion Avenue, St. Albans, NY 11412 with his family and is not Smith's nephew or otherwise related to Smith. (Artis Decl. ¶¶ 4, 5, 8, 10.) Artis also confirms that Smith does not live or operate a business at the Ilion Avenue address. (*Id.* ¶ 6.) Artis states that, on June 11, 2007, he answered the doorbell at his home and a "strange woman handed [him] a document and said something [he] did not understand before she rushed off." (*Id.* ¶ 7.) Artis claims that he did not tell the woman that he was Smith's nephew or that he could accept service on behalf of Smith. (*Id.* ¶ 10.)

"When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *See, e.g., Fagan v.*

---

[1] Artis explains that his father's last name is Daughtry but that he has never used this name and instead uses his mother's last name, Artis. (Artis Decl. ¶ 4.)

*Deutsche Bundesbank*, 438 F. Supp. 2d 376, 385 (S.D.N.Y. 2006) (quoting *Preston v. New York,* 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002)). "[C]onclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (quoting *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd,* 173 F.3d 844 (2d Cir. 1999)).

Plaintiff has submitted no opposition to the instant motion.[2] Thus, the only evidence indicating that Smith was properly served in this action is Plaintiff's affidavit of service. The Court cannot credit the assertions therein that the person served on June 11, 2007 was Smith's nephew and/or that this person was authorized to accept service on behalf of Smith, as these statements are directly contradicted by the declarations of Smith and Artis. Plaintiff has made no showing that there is any connection between Smith and Artis or between Smith and the address at which Artis was served.

"If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff "shows good cause for the failure." Fed. R. Civ. P. 4(m). Plaintiff has not met his burden of proving that he made valid service upon Smith either before June 11, 2007 or at any time thereafter, nor has Plaintiff demonstrated good cause for his failure to do so.

For the reasons discussed herein, Smith's motion to dismiss **[38]** is granted. Plaintiff's claims against Smith are dismissed without prejudice.

---

[2] According to a December 5, 2007 letter, Plaintiff contacted Smith's counsel and left a voicemail in which he acknowledged that he had not responded to the motion and declared that he was "not gonna be running around servin' papers back and forth."

SO ORDERED.

Dated: New York, New York
       August 20, 2008

Richard J. Holwell
United States District Judge