UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
PHARO NAJI AKHENATEN,                                : 07 CV 970 (RJH)
:
            Plaintiff,                               :
:
    -against-                                        : **MEMORANDUM OPINION**
:                         **AND ORDER**
:
NAJEE, LLC, et al.,                                  :
:
            Defendants.                              :
:
------------------------------------------------------------------------x
GTFM, INC.; BRUCE WEISFELD; FUBU THE                 :
COLLECTION, LLC; SEABIAU LLC(formerly named          :
"FB ENTERTAINMENT, LLC"); FUBU FILMS, LLC;           :
SEAUABI, LLC (formerly Named "FUBU Records,          :
LLC"); DAYMOND JOHN; KEITH PERRIN; CARL              :
BROWN; WILLIAM COX and PETER VRANUM;                 :
Jointly, individually and severally,                 :
:
            Third Party Plaintiffs,                  :
:
    -against-                                        :
:
CHARLES FISHER and JAMES TODD SMITH                  :
a/k/a LL COOL J,                                     :
:
            Third-Party Defendants                   :
:
------------------------------------------------------------------------x

By motion filed April 10, 2009 [91], defendants and third-party plaintiffs Bruce Weisfeld and FUBU the Collection ("defendants") request reconsideration pursuant to Local Civil Rule 6.3 of the Court's Memorandum Order issued March 27, 2009 [89] ("Order") resolving (a) third-party plaintiffs' motion to interpose a second amended third-party complaint, and (b) third-party defendant James Todd Smith's motion to dismiss third-party plaintiffs' first amended complaint.

1

The request focuses on the Order's holdings with respect to the applicability of an indemnity clause in the March 5, 1998 Operating Agreement of GTFM, LLC ("Agreement").

The background facts are explained in the Order, so only a minimal background is provided here. The Court held that the contract's indemnification clause covered only GTFM, LLC, and not GTFM, Inc. for covered damages, and that since GTFM, LLC is not a party the second amended complaint did not assert a claim for indemnity which is plausible on its face. (Order 7.) Third-party plaintiffs now assert that two other defendants—Bruce Weisfeld and FUBU LLC—are indemnified by the Agreement. Accordingly, they seek reconsideration of the Order so as to permit interposition of those third-party plaintiffs' contractual indemnification claims against Smith.

Local Civil Rule 6.3 provides that a party may submit a motion for reconsideration "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3. Reconsideration of a court's previous order "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *USA Certified Merchs. LLC v. Koebel*, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003). "[T]o be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . . [A] party may not 'advance new facts, issues or arguments not previously presented to the Court.'" *Hamilton v. Garlock, Inc.*, 115 F. Supp. 2d 437, 438–39 (S.D.N.Y. 2000) (citing *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). Furthermore, a motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Houbigant, Inc. v. ACB Mercantile* (*In re Houbigant, Inc.*), 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "The

2

decision to grant or deny a motion such as the one before the Court is within the sound discretion of the Court." *Davey v. Dolan*, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007).

The Order simply did not explain whether the indemnification clause applied to plaintiff's claims against Weisfeld and FUBU. The Court will now correct that oversight.

The Court finds that the indemnification clause does not apply to plaintiff's claims at all, therefore it need not address whether it indemnifies Weisfeld and FUBU in particular. The indemnification covers "loss, damage, or expense … arising directly or indirectly from any Transfer or purported Transfer…"[1] (Agreement § 10.14.) The clause is expressly limited to Transfers. Yet third-party plaintiffs argue that these claims arise from Smith's *ownership* of an interest in GTFM. They do not allege that plaintiff's claims arise from any transfer that would be covered by the contract, at least not beyond the fact that the original transfer of interest to Smith resulted in his ownership. And under New York law[2] indemnity contracts are narrowly construed. "Where a person is under no legal duty to indemnify, his contract assuming the obligation must be strictly construed." *Levine v. Shell Oil Co.*, 28 N.Y.2d 205, 211, 321 N.Y.S.2d 81 (1971) (citing Kurek v. Port Chester Housing Auth., 18 N.Y.2d 450, 276 N.Y.S.2d 612 (1966)); *see also Hooper Assocs. v. AGS Computers*, 74 N.Y.2d 487, 491-92, 549 N.Y.S.2d 25 (1989) ("The promise [to indemnify] should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances.")

---

[1] The indemnification clause is found in Article X of the contract, titled "Transfer of, and restrictions on transfers of interests of members." Section 10.1 defines "Transfer." "Except as otherwise specifically provided in this Agreement, a Member shall not have the right to sell, assign, pledge, hypothecate, dispose of, exchange, gift, bequeath or otherwise transfer (collectively, "Transfer") all or any part of his Interest. A Transfer of an Interest also shall include …. [listing more types of transfers]."

[2] Section 13.14 of the Agreement is a standard choice of law clause selecting New York law for the construction of its terms.

Nor does the indemnification clause indicate that it applies retroactively, yet all of plaintiff's claims arise out of events well prior to Smith's acquisition of an ownership interest in GTFM.³ An indemnity agreement "cannot be held to have a retroactive effect unless by its express words or necessary implication it clearly appears to be the parties' intention to include past obligations." *Quality King Distributors, Inc. v. E & M ESR, Inc.*, 36 A.D.3d 780, 827 N.Y.S.2d 700, 703 (2d Dep't 2007) (quoting Kane Mfg. Corp. v Partridge, 144 AD2d 340, 341, 533 N.Y.S.2d 948 (2d Dep't 1988)). Moreover the section prior to the indemnification clause, which deals with the effective date of transfers, provides for "retroactive allocation of losses" resulting from a Transfer to the beginning of the quarter in which that Transfer occurs. (Agreement § 10.13.) The drafters' inclusion of a retroactivity clause in the prior section forecloses the possibility that they intended retroactive application of the indemnification section without explicitly providing for it.

For the reasons stated above the Court finds that § 10.14 of the Agreement does not provide indemnification for the claims alleged by plaintiff. The Court's March 27, 2009 Memorandum Order is amended consistent with this order.

SO ORDERED.

Dated: New York, New York
January 25, 2010

Richard J. Holwell
United States District Judge

---

³ The indemnification claim is "based on the November 1, 2001 operating agreement" (Second Amended Third-Party Compl. ¶ 24.) The violations giving rise to the Complaint end at the latest in August of 2001. (Comp. ¶ 14.)

4