UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                                                                     :

PHARO NAJI AKHENATEN,                  :          07 Civ. 970 (RJH)

                              Plaintiff,    :

                - against -                :     **MEMORANDUM OPINION**
                                                 :               **AND ORDER**

NAJEE, LLC, et al.,                       :

                             Defendants.    :

------------------------------------------------------------x

Richard J. Holwell, District Judge:

       This is a trademark infringement action alleging unauthorized use of the mark "NAJI," and its corollary "NAJEE" on clothing. Presently before the Court is certain defendants' summary judgment motion, which asserts that those defendants simply had no involvement in any infringing sales. For the reasons that follow, summary judgment is granted.

       The background for this opinion is set forth in the Court's March 31, 2008 Memorandum Opinion and Order [40] granting in part the GTFM defendants'[1] motion for summary judgment based on principles of res judicata and collateral estoppel. Although it therein granted summary judgment in part, the Court denied the GTFM

---

[1] The GTFM defendants are individuals and entities connected to GTFM, Inc., which marketed the FUBU clothing line. The FUBU claims against them were dismissed in the Court's March 31, 2008 Opinion [40]. The GTFM defendants are: GTFM, Inc., Bruce Weisfeld (listed in caption as "Bruce Weisfield"), FUBU The Collection, LLC, SEABIAU, LLC (listed in caption as "FUBU RECORDS LLC dba SEABIAU, LLC"), FUBU Films, LLC, SEAUABI, LLC (listed in caption as "FUBU ENTERTAINMENT, LLC"), J. Alexander Martin (listed in caption as Charles Fisher aka J. Alexander Martin), Daymond John, Keith Perrin (listed in caption as "Kieth Perrin"), Carl Brown, William Cox, and Peter Vranum.

defendants' request for summary judgment with respect to their alleged infringing use of the "NAJI" trademark. ([40], at 19-20.) At the time, the GTFM defendants asserted that they were not involved in allegedly infringing "NAJI" and "NAJEE" sales and that the complaint alleged no such involvement. However discovery had not yet been conducted on that issue. In light of the fact that the Complaint was brought *pro se*, the Court construed it liberally and found that certain blanket assertions "directed to all of the named defendants" implicated the GTFM defendants. (*Id.*) The Court denied plaintiff's summary judgment motion with respect to the NAJI/NAJEE issue, and noted that discovery would reveal whether the GTFM defendants were in fact involved in the sale of any NAJEE products. (*Id.*)

Discovery has revealed that the GTFM defendants had no such involvement. The two co-founders of NAJEE both swear that the GTFM defendants had no involvement. (September 25, 2009 Responses by James Todd Smith, Cox Aff. Ex. F;[2] Fisher Aff. ¶¶ 8-9.[3]) Corporate documents relating to NAJEE and its sales reflect no involvement by the GTFM defendants. (*See* Najee LLC Limited Liability Company Agreement, Cox Aff. Ex. G (reflecting no involvement by any GTFM defendants); Najee Trademark License Agreements, Cox Aff. Ex. H (reflecting no involvement by any GTFM defendants); Smith/Fisher USPTO Application for NAJEE trademark, Akhenaten Aff. Ex. G (reflecting no involvement by any GTFM defendants).) And the GTFM defendants

---

[2] ("Smith did not license the NAJEE trademark to [the GTFM defendants]" … "Smith did not assign the NAJEE trademark to [the GTFM defendants]".).

[3] ("[the GTFM defendants] were never involved in any way with the NAJEE products produced and sold by James Todd Smith and I" … "[the GTFM defendants] have not been involved in any sales, distribution, marketing, advertising, or manufacturing of any product bearing the NAJEE trademark or any similar trademark".).

swear that they had no involvement with NAJEE.  (Daymond John Aff. ¶ 1-7;[4] J. Alexander Martin Aff. ¶¶ 1, 5.[5])

Nor can plaintiff demonstrate that the GTFM defendants had any involvement in NAJEE sales.  He relies solely on an October 20, 1997 letter from Robert Meloni, the attorney for James Todd Smith (one of the NAJEE co-founders who disavows a NAJEE/GTFM connection).  In that letter Meloni offers NAJEE license opportunities to GTFM on Smith's behalf.  (Cox Rep. Aff. Ex. B; Akhenaten Aff. Ex. I.)  However there is no evidence that the discussions went beyond that offer, and there is substantial evidence to the contrary.  (Meloni Dec. ¶ 9, Cox Aff. Ex. C. (Meloni declaring that "[i]t turned out, however, that GTFM and its related defendants were not interested in NAJEE. Therefore, no licensing or other agreement or arrangement concerning the NAJEE trademark or line of products was ever entered into with any of the GTFM defendants"); John Aff.; Martin Aff.; Fisher Aff.; September 25, 2009 Responses by James Todd Smith, Cox Aff. Ex. F.)

In light of the uncontradicted evidence, there is no genuine issue of fact as to whether the GTFM defendants had any involvement in the sale of NAJEE merchandise; the evidence that they did not is overwhelming.  Under Federal Rule of Civil Procedure 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to

---

[4] ("I am the chief executive officer of GTFM, Inc., and a member of FUBU" … "None of the GTFM Defendants has ever conducted business under the name 'Najee, Inc.,' 'Najee, LLC,' or any similar name, nor did Najee, Inc. or Najee, LLC ever merge with GTFM, Inc." … "[the GTFM defendants] were never involved in any way…with the NAJEE products produced and sold by James Todd Smith, Charles Fisher, Najee, LLC or Najee, Inc.").

[5] ("I am an employee of GTFM, Inc. and a member of FUBU"… "[the GTFM defendants] were never involved in any way with NAJEE products.").

3

any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The plain language of Rule 56(c) mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). A party moving for summary judgment—in this case the GTFM defendants—may discharge its burden "by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Since the GTFM defendants have demonstrated that there is no issue of fact with respect to their non-involvement in the sale of NAJEE merchandise, and since that issue is dispositive of plaintiff's claims against them, the GTFM defendants are entitled to summary judgment.

Plaintiff also requests further discovery and opposes summary judgment on the ground that the GTFM defendants have been non-responsive to certain discovery requests. As support, he references a November 3, 2009 discovery order by Magistrate Judge Francis. (Akhenaten Rep. Aff. ¶ 2.) That order endorsed the GTFM defendants' request to withdraw certain discovery demands without prejudice so that they could proceed directly to summary judgment. (November 3, 2009 Memo Endorsement, [103], Cox Aff. Ex. D.) Magistrate Judge Francis wrote:

> GTFM was previously directed to provide discovery demands and responses in connection with its September 16, 2009 letter application. Because it has not done so, and in light of the attached letter [requesting that this Court permit it to move for summary judgment], its application to compel discovery is deemed withdrawn without prejudice.

Judge Francis' order permitted defendants to reserve their rights to further discovery while also proceeding with this motion for summary judgment; the Court cannot conclude

4

solely from that order that summary judgment is premature. Moreover, to the extent plaintiff makes specific objections, they relate to GTFM's refusal to provide discovery relating to FUBU, but the FUBU claims were dismissed by the Court's March 31, 2008 order. Although plaintiff apparently believes there is a connection between GTFM's use of FUBU and NAJEE, he has not demonstrated a right to FUBU-related discovery in light of the dismissal of the FUBU claims. Accordingly plaintiff's discovery objections are not a barrier to GTFM's summary judgment motion.

For the foregoing reasons, the GTFM defendants' summary judgment motion [105] is GRANTED. Plaintiff's claims against GTFM, Inc., Bruce Weisfeld (listed in caption as "Bruce Weisfield"), FUBU The Collection, LLC, SEABIAU, LLC (listed in caption as "FUBU RECORDS LLC dba SEABIAU, LLC"), FUBU Films, LLC, SEAUABI, LLC (listed in caption as "FUBU ENTERTAINMENT, LLC"), J. Alexander Martin (listed in caption as Charles Fisher aka J. Alexander Martin), Daymond John, Keith Perrin (listed in caption as "Kieth Perrin"), Carl Brown, William Cox, and Peter Vranum are DISMISSED. Finally, plaintiff styles his reply as a motion for declaratory judgment. To the extent he has so moved that motion is DENIED. The remaining parties are directed to apprise the Court of the status of this action within 14 days of the entry of this order.

SO ORDERED.

Dated: New York, New York
August 9, 2010

Richard J. Holwell
United States District Judge